IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 251-303-6578 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE USA WIRELESS COMMUNICATIONS. | Case No. 22-mj-35<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Michael Burton, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 251-303-6578 ("the SUBJECT PHONE"), that is stored at premises controlled by T-Mobile, USA, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile, USA to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent of the FBI and have been so employed since 2012. As a Special Agent, I attended the FBI Academy in Quantico, Virginia where I received instruction and training as a Special Agent including training regarding firearms, emergency vehicle operation, the execution of search and arrest warrants, investigative techniques, and federal legal

instruction. I am currently assigned to the Mobile Division. My duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of Federal laws, particularly those laws found in Title 18 of the United States Code.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1201 have been committed, are being committed, and will be committed by HELVYN BALDOMERO LOPEZ RAMOS. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5.  On February 16, 2022, on or around 10:00 a.m., Z▓▓ I▓▓ and E▓▓ L▓▓ P▓▓ were interviewed by the affiant about their missing children. Z▓▓ and E▓▓ provided information about the subject Ramos. Ramos, who is 22 years old, was renting a room in Z▓▓ and E▓▓ home. During this time, Ramos began a sexual relationship with Z▓▓ 15-year-old daughter Z▓▓ C▓▓ L▓▓ (Minor 1). On or about October 8, 2021, Z▓▓ witnessed Ramos attempting to pick up Minor 1 from school. Z▓▓ prevented this by physically standing in front of Ramos' vehicle. Z▓▓ confronted Minor 1 about this relationship and argument ensued. After the argument and while Z▓▓ was in another room, Minor 1, along with her sisters, 13-year-old Y▓▓ I▓▓ (Minor 2), and 9-year-old A▓▓ L▓▓ (Minor 3) left the home and were picked up by Ramos who was waiting outside. Z▓▓ was able to communicate with

2

Minor 1 on Facebook messenger and convinced Minor 1 to return Minor 2 and Minor 3. On or about October 9, 2021, Z▮▮ and E▮▮ met Ramos and Minor 1 at a Red Roof Inn in Milton, Florida where they recovered Minor 2 and Minor 3.

6.  In November 2021, exact date unknown, Z▮▮ and E▮▮ went to work and all three minors went to school. All three children were missing when Z▮▮ and E▮▮ returned home that evening. Z▮▮ contacted Minor 1 via Facebook Messenger. Minor 1 confirmed they were with Ramos and were in Florida, but that they were not coming home. Z▮▮ was in contact with Minor 1 several other times and attempted to persuade Minor 1 to come home and bring back Minor 2 and Minor 3. It was during this contact that Minor 1 told Z▮▮ she was pregnant.

7.  Z▮▮ and E▮▮ attempted to contact Ramos via target phone number 251-303-6578, which is his known phone number from previous contact with Ramos. Ramos would not answer their calls or texts.

8.  During the last week of January 2022, Z▮▮ received a message via Facebook Messenger from Ramos stating that the kids were fine and to leave them all alone.

9.  Open source checks show that Subject Phone is registered to Maria Zunia who is known to have shared an address with Ramos in Irvington, Alabama in 2020 and 2021 prior to Ramos moving in with the L▮▮.

10. Subpoena results from T-Mobile USA show at least 9 calls to the Subject Phone from Z▮▮ and E▮▮ known telephone number. This verifies Z▮▮ claim that she attempted to call Ramos several times.

11. To date, the children have not been returned home.

12. In my training and experience, I have learned that T-Mobile USA is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

13. Based on my training and experience, I know that T-Mobile USA can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-Mobile USA typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

14. Based on my training and experience, I know that wireless providers such as T-Mobile USA typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that

4

wireless providers such as T-Mobile USA typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

16. I further request that the Court direct T-Mobile USA to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Michael V. Burton
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on ___March 4___, 2022.

P. Bradley Murray
_____
P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE

Digitally signed by P. Bradley Murray
Date: 2022.03.04 13:48:35 -06'00'



Certified to be a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By: *Edwina Crawford*
        Deputy Clerk
Date: March 04, 2022

6

## ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number 251-303-6578, ("the Account"), that are stored at premises controlled by T-Mobile, USA, headquartered at 4 Sylvan Way, Parsippany, New Jersey.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period October 1, 2021 to March 1, 2022.

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account including:

      i. Records of user activity for each connection made to or from the Account, including log files; text messaging logs; the date, time, length, and method of connections; data transfer volume; user names, and source and destination Internet Protocol addresses;

      ii. the date and time the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 1201 involving Helvyn Baldomero Lopez Ramos during the period October 1, 2021 to March 1, 2022.

3

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Sprint Wireless, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Sprint Wireless. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Sprint Wireless, and they were made by Sprint Wireless as a regular practice; and

    b.    such records were generated by Sprint Wireless electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Sprint Wireless in a manner to ensure that they are true duplicates of the original records; and

   2.  the process or system is regularly verified by Sprint Wireless, and at all times pertinent to the records certified here the process and system functioned properly and normally.

 I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date            Signature